*100 The opinion of the Court was delivered by
O’Neall, J.
In this case the judge below tells us that he did not say to the jury, “that a right of way could not be prescribed for over uninclosed land by use.” It seems that the report was drawn by the appellant’s counsel, and presented to the judge for signature, when he had no opportunity of examining it. Hence the error in stating his charge escaped his observation. His charge was, that “ a right of way over uninclosed lands could only be prescribed for by showing an adverse use.” This statement of the law was right, and has the sanction of all our cases from Smith vs. Kinard, 2 Hill, 642. This, however, does not mean more than that some act showing that the way was claimed by the party in his own right, as where the road was cut out in the beginning, or where it was occasionally worked upon, besides being used.
The law being laid down correctly to the jury, the facts as to the use of the Daniel’s Eord Eoad were to be passed upon by them both as to the prescription, and also, as to the abandonment of it. We understand from the judge below, that the contest really was as to the new road, and that the Daniel’s Eord Eoad was conceded to have been abandoned.
Looked at in that way, I have no difficulty in the case. Eor then the new road could not have been substituted. If, however, the Daniel’s Eord Eoad had been one for which the plaintiff’s right by prescription existed and the new road had been substituted for it, I would have supported the plaintiff’s right to it, without any writing, Eor the act of opening it, I would have regarded as a dedication to the use of the plaintiff, instead of the old way.
But it is unnecessary to further pursue this matter. The Daniel’s Eord Eoad not existing there could be no substitute.
The motion is dismissed.
Wardlaw, Withers, Whither and Glover, JJ., concurred.

Motion dismissed.